17-3998-ag
*Guerra-Galdamez v. Wilkinson*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
                     GERARD E. LYNCH,
                                *Circuit Judges,*
                     VICTOR MARRERO,
                                *District Judge.* [*]

---

ALEX MEDARDO GUERRA-GALDAMEZ,

                    *Petitioner,*                                        17-3998-ag

                    v.

ROBERT M. WILKINSON, ACTING UNITED STATES
ATTORNEY GENERAL,[†]

                    *Respondent.*

---

**FOR PETITIONER:**                                        JOSHUA BARDAVID, New York, NY.

---

[*] Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk of Court is directed to amend the caption as set forth above.

**FOR RESPONDENT:**                                    JULIA J. TYLER (Joseph H. Hunt, Assistant
                                                       Attorney General; Shelley R. Goad,
                                                       Assistant Director; *on the brief*), Office of
                                                       Immigration Litigation, United States
                                                       Department of Justice, Washington, DC.


UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is **DENIED.**

Petitioner Alex Medardo Guerra-Galdamez, a native and citizen of El Salvador, seeks review of a November 16, 2017, decision of the BIA affirming a March 6, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal. *In re Alex Medardo Guerra-Galdamez,* No. A 206 842 991 (B.I.A. Nov. 16, 2017), *aff'g* No. A 206 842 991 (Immig. Ct. N.Y. City Mar. 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). Whether someone has been persecuted on account of his membership in a particular social group is a factual finding we review under the substantial evidence standard. *See Paloka*, 762 F.3d at 195, 199 n.4.

In order to demonstrate eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). Although there may be "more than one motive for mistreatment, . . . at least one central reason for the mistreatment [must be] on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks and citations omitted). The "harm or suffering . . . [must] be inflicted upon an individual in order to punish him for possessing a belief or characteristic a persecutor sought to overcome." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985). The harm or mistreatment may not be a result of general violence of criminal activity. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA."); *Matter of Diaz*, 10 I. & N. Dec. 199, 203 (B.I.A. 1963) ("The statute is designed to benefit a particular class of persons, not any national of a country which is undergoing a period of upheaval accompanied by violence.").

On appeal, Guerra-Galdamez takes issue with the agency's treatment of his claim to asylum based on his membership in a particular social group, which he defines as "Salvadoran males

between the ages of 15 and 29." Certified Administrative Record ("CAR") 537. Our review of the administrative record reveals that the BIA did not err in concluding that, regardless of whether this proposed social group was cognizable, he failed to show that his membership in that group was "one central reason" for his persecution. An applicant must demonstrate either through "through direct or circumstantial evidence" that his persecutors targeted him on account of a protected ground. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) ("But since the statute makes [the persecutor's] motive critical, [the petitioner] must provide *some* evidence of it, direct or circumstantial.").

Substantial evidence supports the agency's conclusion that Guerra-Galdamez did not demonstrate that the gang members who harmed him were motivated by anything other than "a desire by the gang to strengthen its ranks and to punish the respondent for noncompliance." CAR 4; *see also Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("[G]eneral crime conditions are not a stated ground [for asylum]."). First, Guerra-Galdamez's own statements reflected that he believed the gang sought money and to recruit him because he was a vulnerable target. He testified both that MS-13 wanted him to join because he was "young" and could be manipulated, but also that he did not know why he was targeted. CAR 144-45. He also undermined his claim that the gangs targeted him because of his group membership when he stated that he did not know of the gang targeting any other young people in his neighborhood. Further, Guerra-Galdamez's evidentiary submissions do not, as the Government states, "fill the evidentiary void left by his own testimony." *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."). Guerra-Galdamez's country conditions evidence reflects that gang extortion and violence is common in El Salvador and impacts a large cross-section of the population beyond males between the ages of 15 and 29.

Accordingly, because Guerra-Galdamez failed to provide sufficient evidence that the gang members targeted him on account of his membership in his proposed group, the BIA did not err in finding that he failed to establish his eligibility for asylum or withholding of removal.[1] *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Paloka*, 762 F.3d at 198; *see also Melgar de Torres*, 191 F.3d at 314.

Finally, Guerra-Galdamez's additional argument that the BIA engaged in impermissible fact-finding lacks merit because the BIA appropriately reviewed the IJ's nexus determination for clear error. *See* 8 C.F.R. § 1003.1(d)(3)(i). Further, the BIA's review of the record was responsive to Guerra-Galdamez's arguments on appeal regarding the motives of the gang members and its conclusions, rather than representing impermissible fact-finding by the Board, were fully consistent

---

[1] Guerra-Galdamez does not challenge the agency's denial of relief under the Convention Against Torture.

with the IJ's factual finding that "there is no indication on the record that the gang members who recruited respondent had or will have any motives other than increasing the size and influence of their gang." CAR 74.

## CONCLUSION

We have considered all of Guerra Galdamez's arguments and find them without merit. For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4